UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ETHEL MAE HAINEY,                :

      Plaintiff,              :
  v.
                                        :    Civil Action No.  07-3740 (RMB)
MIDLAND FUNDING. LLC
                                                                        **ORDER TO TAX COSTS**
      Defendant.              :

      This matter comes before the Court on application [Dkt. Entry 41] for a Bill of Costs by Plaintiff Ethel Mae Hainey pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.

      On May 12, 2009, the Plaintiff filed with the Court a "Notice" [Dkt. Entry 40] accepting Defendant's Offer of Judgment in this matter pursuant to Federal Rule Civil Procedure 68.  On May 13, 2009, the Clerk entered a money judgment in this case reflecting the amount stated in the"Offer of Judgment."  Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to costs unless the court otherwise directs.[1]  Rule 54(d)(1) creates a "'strong presumption' that costs are to be awarded to the prevailing party."  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (quoting 10 MOORE'S FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).   In the current matter, Plaintiff is the prevailing party within the meaning of Federal Rule of Civil Procedure 54(d).  See Garonzik v. Whitman Diner, 910 F. Supp. 167, 168 (D.N.J. 1995) ("A prevailing party is the one in whose favor of a judgment is rendered, regardless of whether the party has recovered its entire

---

      [1]     Fed. R. Civ. P. 54(d)(1) states in relevant part: *"Costs other than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."

claim or a portion thereof.") (citing Fahey v. Carty, 102 F.R.D. 751 (D.N.J. 1983); see also, 2 Moore's Federal Practice § 54.101 (3d ed. 2005) ("The cases that have interpreted the 'prevailing party' language of Rule 54(d)(1) generally state simply that the prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case.").

As mentioned, Federal Rule Civil Procedure 54(d)(1) states "unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." 28 U.S.C. § 1920 defines which costs are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any party of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under section 1828 of this title.

While a Court does have discretion as to which costs it grants, it many not shift costs beyond those found in § 1920 without express statutory authorization to do so. Adams v. Teamsters Local 115, No. 99-4910, 2007 U.S. Dist. LEXIS 51463, at *32 (E.D.Pa. July 17, 2007) (citing Crawford Fitting Co. v. J.T.Gibbons, Inc., 482 U.S. 437, 444-45 (1987)). Additionally, Local Civil Rule 54.1 "set[s] forth the general rules . . . to follow in taxing costs" under § 1920. Lite, N.J. Federal Practice Rules, Comment 4 to Rule 54.1(Gann 2009 ed.) at 201. Therefore, while a prevailing party is entitled to costs under Rule 54 of the Federal Rules of Civil Procedure, "those costs often fall short of the party's actual litigation expenses." In re Paoli, 221 F.3d at 458 (citations omitted).

Plaintiff requests to be reimbursed for a variety of expenses, most of which are not allowed under § 1920.  For example, Plaintiff requests to be reimbursed for the following expenses: traveling to and from Court, bridge tolls, parking expenses, expenses paid to the Court appointed mediator, telephone expenses, photocopying discovery documents and other expenses not listed in § 1920. Photocopying for purposes of discovery is not a recoverable cost.  Boyadjian v. Cigna Cos., 994 F. Supp. 278, 280-81 (D.N.J. 1998).  Similarly, costs incurred for transportation and mailing are generally not recoverable.  Bollitier v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 735 F. Supp. 623, 629 (D.N.J. 1989) (denying costs of transportation, telephone calls and mailing charges).

Unlike the British courts, the American tradition of awarding costs does not provide for total reimbursement for litigation expenses.  See In re Paoli, 221 F.3d at 457-58 (discussing the policy origins of Fed. R. Civ. 54(d) and 28 U.S.C. § 1920).

Additionally, even if the items listed in Plaintiff's Bill of Costs were allowed under § 1920, the Clerk would be required to deny them for lack of documentation pursuant to 28 U.S.C. §1924 and Local Civil Rule 54.1(e).  Local Civil Rule 54.1 adopts the provisions of 28 U.S.C. §1924 by requiring the party to expressly verify that each item sought is correct, that any service for which costs are sought was actually performed and was necessary, and that any disbursement included in the Bill of Costs was actually incurred and was necessary to the case.  Local Civil Rule 54.1(b) states as follows:

> Such Bill of Costs shall precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant , stating that (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding. Counsel shall append to the *verified Bill of Costs [AO Form 133] copies of all invoices in support of the request for each item*.

L. Civ. R. 54.1(b) (emphasis added.)

The local rule requires copies of all invoices supporting each requested item be appended to the motion and Bill of Costs. The absence of supporting invoices will result in the denial or waiver of costs. L. Civ. R. 54.1(e). Plaintiff's Bill of Costs filed in this matter neither complies with 28 U.S.C. § 1924 nor with L. Civ. R. 54.1(d) as to verifying each item sought and submitting copies of invoices supporting the expenses incurred in this case as required under L. Civ. R. 54.1(b).

The only recoverable item listed in Plaintiff's Bill of Costs which can be verified in this matter is the $350.00 filing fee paid to the Clerk when filing the initial complaint. The Clerk can verify this cost because the docket in this matter reflects that Plaintiff paid a filing fee of $350.00 when filing her complaint and not because Plaintiff appended an invoice to her Bill of Costs showing that this fee was paid to the Clerk. This expense is an allowable taxable cost under 28 U.S.C. § 1920(1); therefore, the Clerk permits **$350.00** as a taxable cost.

Federal courts may not grant costs unless such costs are authorized by Section 1920. Crawford Fitting Co., v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (holding that "§ 1920 defines the term 'costs' as used in Rule 54(d)"). Similarly, expenses paid by a party regarded as ordinary incidents to litigation are generally not recoverable as taxable costs. See Boyadjian at 994 F. Supp. 278 at 280-82 (costs of long distance telephone calls, postage and travel expenses held not taxable).

Accordingly, for the reasons stated above, Plaintiff's application for taxation of costs is granted only as to the $350.00 filing fee, and the remainder of the items listed in Plaintiff's Bill of Costs are denied.


                WILLIAM T. WALSH, CLERK

          by: <u>S/John T. O'Brien</u>
                  Deputy Clerk

DATE:   August 6, 2009